Alan J. Leiman (OSB No. 98074)
alan@leimanlaw.com
Drew G. Johnson (OSB No. 114289)
drew@leimanlaw.com
LEIMAN & JOHNSON, LLC
44 W. Broadway, Suite 326
Eugene, OR  97401

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **TIMOTHY CURRY,** <br><br> Plaintiff, <br><br> v. <br><br> **SANTIAGO ESTATES ASSOCIATES, L.L.C.**, an Oregon limited liability company, and **SANTIAGO MHC, LLC**, an Oregon limited liability company, <br><br> Defendants. | CASE NO.:  6:19-cv-00459 <br><br> **FLSA MINIMUM WAGE AND OVERTIME COMPLAINT; OREGON WAGE AND HOUR LAWS;** <br> Fair Labor Standards Act 29 U.S.C. § 201 et. seq.; Oregon Wage and Hour Laws (ORS 652) <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, TIMOTHY CURRY ("Plaintiff"), brings this Fair Labor Standards Act ("FLSA") action for violations of the FLSA and Oregon's Wage and Hour laws against Defendants, SANTIAGO ESTATES ASSOCIATES, L.L.C. ("Santiago Estates"), and SANTIAGO MHC, LLC ("Santiago MHC"), (collectively, "Defendants").  Plaintiff makes his allegations based upon personal knowledge, information, and belief.

1 – Complaint

## INTRODUCTION

1. Plaintiff was hired in October 2015 by Defendant Santiago Estates as a "maintenance technician" at Defendants' Santiago Estates manufactured home community located in Springfield, Lane County, Oregon.

2. Between October 2015 and October 2018, Defendants continuously employed Plaintiff at Santiago Estates in Springfield, Oregon. Plaintiff performed maintenance work, grounds keeping, janitorial, security, and other duties, including providing service to residents as required by Defendants.

3. At all times material, Plaintiff was not paid for all hours worked and was not paid additional overtime compensation for hours worked over 40 hours in a workweek while working for Defendants.

4. The wages Defendants paid to Plaintiff were not sufficient to have compensated Plaintiff with the applicable minimum wage and overtime for all hours worked by Plaintiff.

5. Plaintiff brings this action to recover unpaid minimum wages and overtime pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

6. Plaintiff also brings this action to recover wages and penalties for violation of Oregon Wage and Hour Laws (ORS Chapter 652).

7. Plaintiff also brings this action to recover damages relating to Defendants' failure to make all Social Security and Medicare contributions for the benefit of Plaintiff.

8. This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, taxable costs of court, pre- and post-judgment interest and penalty wages for Defendants' willful failure to pay wages, including minimum wages and overtime wages, and other relief, pursuant to 29 U.S.C. § 216(b) and Oregon Wage and Hour Laws.

9. Plaintiff demands a jury trial on all issues that may be tried to a jury.

10. This action is authorized and instituted pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*

## JURISDICTION AND VENUE

11. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), as this action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; 28 U.S.C. § 1331; and 28 U.S.C. §1337, as it arises under acts of Congress regulating commerce. Jurisdiction of the state law claims is conferred on this Court by 28 U.S.C. § 1367 because the state law claims form a part of the same case or controversy as the federal claims under Article III of the United States Constitution.

12. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this complaint occurred in the District of Oregon.

## PARTIES

13. Defendant Santiago Estates is an Oregon domestic limited liability corporation that owned and operated the Santiago Estates manufactured home community located in Springfield, Lane County, Oregon until sometime around early September 2018.

14. Defendant Santiago MHC is an Oregon domestic limited liability corporation that acquired the Santiago Estates manufactured home community located in Springfield, Lane County, Oregon from Defendant Santiago Estates sometime in or around early September 2018.

15. Defendant Santiago Estates is subject to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and Oregon Wage and Hour Laws, ORS Chapters 652 and 653.

16. Defendant Santiago MHC is subject to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and Oregon Wage and Hour Laws, ORS Chapters 652 and 653.

17. At times material to this Complaint, Defendant Santiago Estates has been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §

203(s)(1) because it had employees engaged in commerce and operated the manufactured home community know as Santiago Estates located in Springfield, Oregon. Based upon information and belief, the annual gross receipts from Defendants' operation of Santiago Estates, was in excess of $500,000.00 per annum at all times material hereto. Alternatively, Plaintiff worked in interstate commerce so as to fall within the protections of the FLSA.

18. At times material to this Complaint, Defendant Santiago MHC has been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) because it had employees engaged in commerce and operated the manufactured home community know as Santiago Estates located in Springfield, Oregon. Based upon information and belief, the annual gross receipts from Defendants' operation of Santiago Estates, was in excess of $500,000.00 per annum at all times material hereto. Alternatively, Plaintiff worked in interstate commerce so as to fall within the protections of the FLSA.

19. At times material to this Complaint, Defendant Santiago Estates was an employer within the meaning of 3(d) of the FLSA, 29 U.S.C. § 203(d). Defendant Santiago Estates directly or indirectly acted in the interest of an employer toward the Plaintiff at times material, including, without limitation, directly or indirectly controlling all employment terms and conditions of Plaintiff.

20. At times material to this Complaint, Defendant Santiago MHC was an employer within the meaning of 3(d) of the FLSA, 29 U.S.C. § 203(d). Defendant Santiago MHC directly or indirectly acted in the interest of an employer toward the Plaintiff at times material, including, without limitation, directly or indirectly controlling all employment terms and conditions of Plaintiff.

21. Plaintiff Timothy Curry is a resident of Lane County, Oregon who worked for Defendant Santiago Estates from on or around October 2015 until on or around September 2018, when Defendant Santiago MHC acquired the Santiago Estates manufactured home community.

22. Plaintiff Timothy Curry worked for Defendant Santiago MHC until his employment was terminated on or around October 6, 2018.

**FACTS**

23. Throughout his employment at Santiago Estates, Plaintiff performed the duties required by Defendants, including but not limited to performing maintenance, repair, and security work for common areas such as the clubhouse, pool, weight room, and grounds.

24. At all times material to this Complaint, Defendants did not pay Plaintiffs for all hours worked. Instead, Defendants' only paid Plaintiff for 40 hours worked each week regardless of the actual number of hours worked by Plaintiff.

25. Defendants' on-site manager, John Fishborne, periodically used a log-book to record as "comp time" some of the unpaid hours worked by Plaintiff.

26. At times material to this Complaint, Plaintiff routinely worked in excess of 40 hours per workweek, typically working 8 hours per day Monday through Friday, plus an additional 1.25 hours each evening M-F, and 2.50 hours per day on weekends.

27. For example, during the weeks of July 16-22 and July 23-29, 2017, Plaintiff worked 51.25 hours per week. On July 30 and 31, Plaintiff worked 11.75 hours. Therefore, during the July 16-31, 2017 pay period, Plaintiff worked a total of 114.25 hours with 22.50 hours of overtime.

28. Plaintiff was only paid for 88 hours at his agreed upon hourly rate of $12.00 per hour for the July 16-31, 2017 pay period.

5 – Complaint

29. Defendants knowingly did not pay Plaintiff wages for all of the work that he performed.

30. Defendants under-reported wage earnings for Plaintiff, and did not make sufficient wage related withholdings or contributions, including Social Security and Medicare contributions for Plaintiff's benefit.

31. At all times material, Defendants did not pay Plaintiff his agreed upon hourly wage for all hours worked.

32. At all times material, Defendants did not pay Plaintiff an additional half-time premium for all hours worked over 40 hours in a workweek.

33. Defendants owe Plaintiff unpaid wages, overtime wages, liquidated damages, and penalty wages under the FLSA and Oregon Wage and Hour laws.

34. Plaintiff has retained the law firm of Leiman & Johnson, LLC to represent him, and has incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b) and ORS 652.200, Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## FIRST CLAIM FOR RELIEF
### (FLSA Minimum Wage and Overtime Violations - 29 U.S.C § 207)
### Santiago Estates and Santiago MHC

35. Plaintiff re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 34 above.

36. At times material to this Complaint as alleged herein, Plaintiff performed duties for the benefit of, and on behalf of Defendants Santiago Estates and Santiago MHC.

37. At all material times as alleged herein, Defendants were required to pay Plaintiff in accordance with the minimum wage and overtime pay provisions of the FLSA.

38. At all material times, Defendants did not keep the required records of all hours worked by Plaintiff.

39. Defendants have not paid Plaintiff at his agreed upon hourly rate of pay for all hours worked at the Santiago Estates manufactured home community as required by the FLSA and Oregon wage and hour laws.

40. Defendants have not paid Plaintiff the FLSA required overtime pay for all hours worked over 40 in workweeks in which Plaintiff worked more than 40 hours at the Santiago Estates manufactured home community.

41. Defendants have not paid Plaintiff the FLSA required minimum wage for all hours worked.

42. At all material times as alleged herein and for the entire duration of Plaintiff's employment, Defendants failed to comply with Title 29 U.S.C. §§ 201-209 in that Plaintiff performed services and labor for Defendants for which Defendants failed to track hours worked, failed to compute a regular rate of pay, and failed to pay Plaintiff the correct amount of minimum wages and overtime wages. Plaintiff is entitled to liquidated damages for Defendants' willful failure to pay the correct amount of minimum wages and overtime wages.

43. Plaintiff brings this claim against Defendants jointly and severally, seeking unpaid minimum wages, overtime compensation, liquidated damages, pre-judgment interest, costs, penalty wages, and attorneys' fees arising from the law violations set forth herein.

44. Defendants' failure to pay Plaintiff the FLSA required Oregon minimum wages and overtime wages resulted from the Defendants' willful act of not paying Plaintiff for all hours worked when they knew he had worked in excess of 40 hours in a workweek and yet merely recorded his overtime in a log-book as "comp time."

45. By reason of said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages and has also incurred costs and reasonable attorneys' fees.

46. By reason of said intentional, willful, and unlawful acts of Defendants, Plaintiff is entitled to a three-year statute of limitations period under the FLSA.

47. Defendant Santiago MHC is jointly and severally liable as a successor employer.

## SECOND CLAIM FOR RELIEF
### (Oregon Wage and Hour Law Violations)
### Santiago Estates and Santiago MHC

48. Plaintiff re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 34 above.

49. Defendants violated ORS 652.610 when they failed to provide Plaintiff with accurate itemized statements of pay for wages earned.

50. Defendants violated ORS 652.150 when they failed to pay Plaintiff all wages due on termination of employment.

51. As a result of Defendants' failure to pay Plaintiff all wages earned, Plaintiff was deprived of employer contributions to his individual Social Security account and to employer Medicare contributions.

52. Plaintiff has been damaged by Defendants' violation of Oregon Wage and Hour Laws and is entitled to his actual damages, penalty wages pursuant to ORS 652.150, plus pre-judgment interest, in amounts to be determined by the jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully asks the Court to grant the following relief against both Defendants jointly and severally:

1. On the First Claim for Relief, award Plaintiff his actual damages for unpaid minimum wages and overtime in amounts to be determined by the jury, plus an

8 – Complaint

   equal amount as liquidated damages for Defendants' willful failure to pay minimum wages and overtime wages.

2. On the Second Claim for Relief, award Plaintiff his actual damages for violations of Oregon Wage and Hour Laws, and penalty wages calculated according to ORS 652.150, in amounts to be determined by the jury.

3. Award Plaintiff his reasonable attorney fees and costs;

4. Award Plaintiff his pre-judgment and post-judgment interest; and

5. Award Plaintiff any and all such other legal and equitable relief as this Court deems just and proper.

DATED March 28, 2019.

Respectfully submitted,

   /s Drew G. Johnson
Drew G. Johnson
E-mail: drew@leimanlaw.com
Oregon State Bar No.: 114289
44 W. Broadway, Suite 326
Eugene, OR  97401
Telephone: (541) 345-2376
Facsimile:  (541) 345-2377
Of Attorneys for Plaintiffs

   /s Alan J. Leiman
Alan J. Leiman
E-mail: alan@leimanlaw.com
Oregon State Bar No.: 98074
44 W. Broadway, Suite 326
Eugene, OR  97401
Telephone: (541) 345-2376
Facsimile:  (541) 345-2377
Of Attorneys for Plaintiffs

9 – Complaint